

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-70,944-03

### EX PARTE JOE LOUIS ROBERTS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 31669 IN THE 3RD DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to evading arrest or detention and was sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things,[1] that he was denied the effective assistance of counsel, rendering his guilty plea involuntary, because his originally appointed counsel did not communicate or consult with him prior to trial. When appointed counsel did not appear for a court

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

setting, the trial court apparently appointed a new attorney, but Applicant entered his plea on the same day. Applicant alleges that he wanted to plead "not guilty," but that because his new attorney was unprepared to take the case to trial, Applicant felt that he had no choice but to plead guilty.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether Applicant had indicated an intention to plead guilty or not guilty before the date when the trial court replaced his original appointed counsel with a new attorney. The trial court shall make findings as to whether Applicant was advised of his right to ten days' preparation time when the new attorney was appointed, and as to whether the new attorney had adequate time to consult with Applicant before he entered his plea of guilty. The trial court shall make findings of fact and conclusions of law as to whether Applicant's guilty plea was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 20, 2015
Do not publish